**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| *LATAVIA WILSON*, | ) | Docket Number: | 20-cv-5967 |
| Plaintiff, | ) | | |
| | ) | | |
| *v.* | ) | | |
| | ) | | |
| *AFNI, INC.*, | ) | | |
| Defendant. | ) | | |

**COMPLAINT**

Plaintiff Latavia Wilson, by her counsel, Paúl Camarena, respectfully complains as follows:

**Introduction.**

1) In 1978, the United States Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C § 1692(a). Thus, Congress enacted The Fair Debt Collection Practices Act "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C § 1692(e). However, Debt Collector Defendant Afni Inc. continues to use unfair debt collection practices and, hence, has violated the Fair Debt Collection Practices Act.

**Jurisdiction and Venue.**

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction of this civil action because the action arises under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a

substantial part of the events or omissions giving rise to this action occurred in the Northern District of Illinois, Eastern Division.

## Parties.

3) Latavia Wilson is an individual residing in the State of Illinois and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4) Defendant Afni is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6). Defendant Afni is a corporation incorporated in the State of Illinois. According to Defendant Afni's website, "[i]t was in 1936 when [Defendant Afni] got [its] start as a consumer collections agency in Bloomington, Illinois."

## Facts.

5) Upon information and belief, debt collector Defendant Afni is servicing some of Latavia Wilson's consumer debt.

6) When debt collector Defendant Afni calls Ms. Wilson, Defendant Afni's name does not appear on Ms. Wilson's telephone caller identification system. Defendant Afni has called Ms. Wilson, Ms. Wilson's telephone has answered these calls (within the Eastern Division), and Defendant Afni has hung up on Ms. Wilson and on her voice mail without making any statement at all.

7) On at least one occasion when Defendant Afni called Ms. Wilson and did not hang up, Ms. Wilson asked Defendant Afni to "take [her] off of [Defendant Afni's calling] list." Nevertheless, Defendant Afni has continued to call Ms. Wilson.

## Cause of Action.

### Count One (15 U.S.C. § 1692d).

8) The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692d, provides that a "debt

collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person."

9) Defendant Afni has violated Section 1692d by hanging up on Ms. Wilson and on her voice mail, without making any statement, after Ms. Wilson's telephone answered Defendant Afni's call.

Count Two  (15 U.S.C. § 1692d(5)).

10) The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person."  Subsection 1692d(5) specifically prohibits "[c]ausing a telephone to ring ... repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

11) Defendant Afni has violated Subsection 1692d(5) by calling Ms. Wilson and hanging up on her and on her voice mail, without making any statement, after Ms. Wilson's telephone answered Defendant Afni's calls.

Count Three  (15 U.S.C. § 1692d(6)).

12) The Fair Debt Collection Practices Act, in 15 U.S.C. § 1692d, provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person."  Subsection 1692d(6) specifically prohibits "the placement of telephone calls without meaningful disclosure of the caller's identity."  "Plaintiff alleges that Defendant hung up either prior to or as soon as Plaintiff [ ] or Plaintiff's voice mail answered the call. Accordingly, if, as Plaintiff claims, Defendant called Plaintiff and hung up the phone, common sense dictates that Defendant did not provide 'meaningful disclosure of [its] identity,' as required by § 1692d(6)."  *Sussman v. I.C. Sys. Inc.*, 928 F. Supp. 2d 784, 794 (S.D.N.Y. 2013) (internal

quotations and citations omitted). "Plaintiff further contends that defendant violated FDCPA section 1692d(6) … by placing telephone calls to plaintiff and hanging up the line when plaintiff or his answering machine answers. If, as plaintiff alleges, defendant calls plaintiff and hangs up the phone, common sense dictates that defendant has not provided meaningful disclosure under FDCPA section 1692d(6)." *Langdon v. Credit Mgmt., L.P.*, 2010 WL 3341860, *2 (N.D.CA. 2010) (internal quotations omitted).

13)  Defendant Afni has violated Subsection 1692d(6) by calling Ms. Wilson and hanging up on her and on her voice mail without making any statement after Ms. Wilson's telephone answered Defendant Afni's calls.

### Count Four  (15 U.S.C. § 1692d).

14)  15 U.S.C. § 1692d provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person."

15)  Defendant Afni violated Section 1692d(5) by continuing to call Ms. Wilson even though Ms. Wilson had asked Defendant Afni to "take [her] off of [Defendant Afni's calling] list."

### Count Five  (15 U.S.C. § 1692d(5)).

16)  15 U.S.C. § 1692d provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person." Subsection 1692d(5) specifically prohibits "engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass." When "assessing whether a defendant's phone calls were harassing under § 1692d(5)," evidence includes "where a plaintiff has shown that he asked the collection agency to stop calling ... and the collection agency nevertheless continued." *Kayyal v. Enhanced Recovery Company*, L.L.C., 17 cv 2718 (N.Dist.Ill. 2019), D.E. 75, pp. 4 – 5.

17)  Defendant Afni violated Subsection 1692d(5) by continuing to call Ms. Wilson even

though Ms. Wilson had asked Defendant Afni to "take [her] off of [Defendant Afni's calling] list."

## **Prayer for Relief.**

WHEREFORE, Latavia Wilson respectfully requests that this Court hold a trial by jury and that this Court will enter judgment in her favor (and against Defendant Afni) for her actual and statutory damages, including reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

        Respectfully submitted,
        Plaintiff Latavia Wilson's Counsel
        North & Sedgwick, L.L.C.
by:    */s/ Paúl Camarena*
        Paúl Camarena, Esq.
        500 So. Clinton, No. 132
        Chicago, IL 60607
        (312) 493-7494
        paulcamarena@paulcamarena.com