IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATAVIA WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 20 C 5967 ) |
| AFNI, INC., | ) Judge Joan H. Lefkow ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Latavia Wilson brought this action against AFNI, Inc., alleging a violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e.[1] AFNI moved for summary judgment under Federal Rule of Civil Procedure 56. (Dkt. 28.) For the following reasons, the motion is granted.

**BACKGROUND**[2]

Wilson owed a debt of $221.83 to Comcast. On September 15, 2020, this debt was placed with AFNI, a debt collection company. (Dkt. 29-2 at 2.) On September 17, 2020, an AFNI employee called Wilson's cell phone while she was at work. The transcript of the call, which lasted one minute and two seconds, states the following:

> **AFNI:** Hello, good morning. This call may be recorded. I'm looking for Latavia Wilson.
> **Wilson:** May I ask who is speaking?
> **AFNI:** My name is ****** and I do have a personal matter to discuss. Am I speaking … with Latavia?

---

[1] Jurisdiction rests on 28 U.S.C. § 1331, and venue is proper under 28 U.S.C. § 1391(b)(2).

[2] The following facts are based on the undisputed facts as presented in the parties' Local Rule 56.1 statements.

1

> **Wilson:** Uh, no, but can I take a message?[3]
> **AFNI:** All right, thank you so much for that. Uh, just kindly inform her that AFNI called regarding a personal matter we need to discuss, and kindly inform her also that she needs to call us back in her most convenient time. The call-back number is in the caller ID which is 877-428-0—
> **Wilson:** Can I ask that the number be removed from your calling list?
> **AFNI:** Oh sure, no worries, I'll be removing your phone number in a list.
> **Wilson:** Alright.
> **AFNI:** [SPEAKING OVER WILSON] But I'm expecting umm Latavia's call-back.

(Dkt. 29-1 at 2–3 (cleaned up).) The phone number was removed from Wilson's account and placed on the do-not-call list. (Dkt. 32, ¶ 12.)

Wilson stated that being told that she needed to call AFNI back made her feel "nervous," "scared," and "overwhelmed," and that she had a hard time concentrating at work afterwards. (*Id.* at 17–18.) Later that same day, while still at work, Wilson called AFNI back but hung up as soon as she heard the greeting stating that it was Comcast. (Dkt. 29-4 at 16.)

Wilson brought this action under the FDCPA, alleging that AFNI used false, deceptive, or misleading methods to collect a debt when the AFNI employee told Wilson that she "needs to call [them] back," in violation of § 1692e. (Dkt. 26 at 3.) AFNI now moves for summary judgment under Rule 56 (dkt. 28).

## **LEGAL STANDARD**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court views all facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *See Matsushita Elec. Indus. Co.* v. *Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). But the non-movant must do more than raise "some metaphysical doubt as

---

[3] It was in fact Wilson. (Dkt. 29-4 at 17).

to the material facts." *Id.* at 586. Rather, she "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). To create a genuine dispute, the evidence must be "such that a reasonable jury could return a verdict for the [non-movant]." *Id.* at 248.

## ANALYSIS

AFNI moves for summary judgment on the basis that Wilson lacks standing to sue and, alternatively, that the AFNI employee's statement that Wilson "needs to call us back in her most convenient time" is not a materially false or misleading statement that would violate the FDCPA. (Dkt. 30 at 3.) As explained below, AFNI is correct on both bases.

ANFI first challenges Wilson's standing to sue. Federal courts are limited to resolving "Cases" and "Controversies," U.S. Const. art. III, § 2, in which a plaintiff must have "standing" to sue by suffering an injury in fact that is caused by and traceable to a defendant's conduct. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Wilson lacks any evidence that she suffered an injury in fact. An injury in fact is an invasion of a legally protected interest that is (1) concrete and particularized, and (2) actual or imminent, "not conjectural or hypothetical." *Id*. To be "concrete," the injury "must actually exist." *Spokeo, Inc*. v. *Robins*, 578 U.S. 330, 340 (2016). Various intangible harms can qualify as concrete, *see TransUnion LLC* v. *Ramirez*, 141 S. Ct. 2190, 2204 (2021), but bare procedural violations of a statute are insufficient, *Spokeo*, 578 U.S. at 341.

Here, no evidence shows that Wilson suffered a cognizable injury. Wilson argues that the call from AFNI, and specifically the statement that she "need[ed] to call them back" caused her to experience nervousness, fear, and a sense of overwhelm, leading to her having trouble focusing at work. (Dkt. 31 at 3.) But temporary emotional discomfort, as Wilson describes, does

3

not constitute a concrete injury. *See Wadsworth* v. *Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668–69 (7th Cir. 2021) (anxiety, embarrassment, stress, annoyance, intimidation, "infuriation or disgust," "a sense of indignation," "state of confusion" are insufficient). Wilson expounds that her lack of focus after the call "caused her superiors to look down on [her]," resulting in an "appreciable risk of harm to her employment." (Dkt. 31 at 16.) But she never explains why she believed her superiors "looked down on" her, nor does she state that she suffered any repercussions or other concrete harm at work. As such, Wilson has not adduced any evidence of an injury in fact, and thus, lacks standing to sue. *See Pennell* v. *Glob. Tr. Mgmt.*, 990 F.3d 1041, 1045 (7th Cir. 2021) (affirming summary judgment based on lack of standing where plaintiff experienced stress and confusion but no other detriment).

At a deposition, Wilson also testified that she had to stay late at work because of the time she took to call AFNI back based on the employee's statement that she "need[ed]" to call back, resulting in additional childcare costs. (Dkt. 29-4 at 22–23.) But Wilson has not argued that this constituted an actionable injury, and the court is not required to develop this argument for her. *See United States* v. *Alden*, 527 F.3d 653, 664 (7th Cir. 2008). Moreover, Wilson never stated how long it took to make the call, nor the amount of childcare expenses she incurred, nor how making the call caused her to stay so late as to incur these expenses where, admittedly, she hung up as soon as she realized it was Comcast. (Dkt. 29-4 at 16.) In any event, these vague assertions lacking in essential detail are equally insufficient to demonstrate injury in fact at this stage. *See Pierre* v. *Midland Credit Mgmt., Inc.*, 29 F.4th 934, 939 (7th Cir. 2022) (plaintiff must set forth evidence of genuine factual dispute on the issue of injury in fact at summary judgment).

Even if Wilson had suffered a concrete injury, AFNI is also entitled to summary judgment on the merits of the § 1692e claim. Section 1692e of the FDCPA prohibits a debt

4

collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. But "a statement isn't 'false' unless it would confuse the unsophisticated consumer." *Wahl* v. *Midland Credit Mgmt.*, 556 F.3d 643, 646 (7th Cir. 2009). The unsophisticated consumer contemplated by this standard may be "uninformed, naive, [and] trusting," *Veach* v. *Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003), but is not a dimwit, has "rudimentary knowledge about the financial world," and is "capable of making basic logical deductions and inferences," *Wahl*, 556 F.3d at 645. And even if a statement is found to be misleading, false, or deceptive to the unsophisticated consumer, it must be *materially* so to be actionable under § 1692e. *Hahn* v. *Triumph P'ships LLC*, 557 F.3d 755, 757–58 (7th Cir. 2009).

Section 1692e claims fall into three categories. *See Ruth* v. *Triumph P'ships,* 577 F.3d 790, 800 (7th Cir. 2009). The first are cases in which the debt collector's language is plainly not misleading under the unsophisticated consumer standard. The second category of cases arise where debt collectors use language that, while not blatantly deceptive, has the potential to mislead. If so, a plaintiff must produce extrinsic evidence to prove that the unsophisticated consumer would find the language confusing. The third category includes cases where debt collectors use language that is plainly deceptive or misleading.

AFNI argues that Wilson's case falls into the first category because the AFNI employee's language was plainly and clearly not misleading, and, alternatively, even if it could be considered potentially misleading, Wilson had not adduced the requisite evidence that an unsophisticated consumer would actually find it misleading. Wilson argues that the statement that she "need[ed]" to call AFNI back was plainly false because she was not legally obligated to return the call, just as a criminal suspect is not obligated to speak with police. (Dkt. 26 at 3.)

5

Wilson's claim lacks merit. For starters, the constitutional right to remain silent in the criminal context in no way describes the type of protection against debt collector practices created by § 1692e. More to the point, the AFNI employee's language was not misleading. Read in context, the AFNI employee used polite language to say that AFNI would like to get in touch with Wilson and asked that Wilson call back at the "most convenient time." Moreover, to the extent there is even a hint of insistence in the word "need," colloquial terms of urgency in and of themselves, do not support a § 1692e claim. *See Taylor* v. *Cavalry Inv., LLC*, 365 F.3d 572, 575–76 (7th Cir. 2004) (use of puffery or rhetoric of urgency not violative of FDCPA). And even assuming the employee's statement had the potential to be misleading, Wilson supplied no evidence or authority to support her assertion that the unsophisticated consumer would actually find it confusing or believe that it falsely stated that an individual was legally obligated to call the debt collector back.

For these reasons, even if Wilson had standing, AFNI would be entitled to summary judgment on the merits of Wilson's § 1692e claim.

## CONCLUSION AND ORDER

AFNI Inc.'s motion for summary judgment (dkt. 28) is granted. The clerk is directed to enter judgment for AFNI. Case terminated.

Date: July 27, 2022

_____
U.S. District Judge Joan H. Lefkow

6